IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GURMEET SINGH,

        Petitioner,

  v.

U.S. SECRETARY OF THE DEPARTMENT
OF HOMELAND SECURITY, *et al.*,

        Respondents.
                                           /

No. C 09-4827 SI

**ORDER TO SHOW CAUSE**

    Petitioner Gurmeet Singh has filed a petition for writ of habeas corpus.[1] Petitioner states that on August 27, 2002, an Immigration Judge denied petitioner's application for asylum and ordered him removed to India. Plaintiff states that he has exhausted his administrative remedies, except for a pending claim to adjust his status as a battered spouse under the Violence Against Women Act. Petitioner states that as of October 7, 2009, he has been detained for thirteen months in immigration custody. Petitioner alleges that he does not have a passport to India, and that he will not be able to obtain a passport to India in the reasonably foreseeable future because India refuses to issue passports to people who have sought asylum. Petitioner alleges that his continued detention violates federal law.

    The Court concludes that the petition warrants a response from respondents. **Respondents must file and serve upon petitioner, on or before January 22, 2010**, an answer showing cause why a writ of habeas corpus should not be issued. Respondents must file with the answer a copy of all portions of

---

[1] The petition states that jurisdiction is proper under 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701 *et seq.*, and 28 U.S.C. § 2201. The petition is not brought under 28 U.S.C. § 2241, the habeas corpus statute. Respondents shall address, in the answer or by motion, whether the petition is brought under the correct statutes.

the administrative proceedings that are relevant to a determination of the issues presented in the petition. If petitioner wishes to respond to the answer, he must do so by filing a **traverse with the Court and serving it on respondents on or before February 19, 2010.** If the parties wish to modify this schedule, they may do so by joint stipulation. If, after review of the parties' answer and traverse, the Court determines that oral argument is necessary, the Court shall so notify the parties.

**IT IS SO ORDERED.**

Dated: December 28, 2009

SUSAN ILLSTON
United States District Judge